```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF TEXAS
            FORT WORTH DIVISION

FREDERICK DEWAYNE MALONE,     §
(Tarrant # 0699305)           §
                              §
VS.                           §  CIVIL ACTION NO.4:07-CV-467-Y
                              §
                              §
CORPORAL PEDIGO               §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1),
      and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Frederick Dewayne Malone's civil complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Malone, an inmate at the Tarrant County jail, has filed a form civil-rights complaint and attachments seeking relief under 42 U.S.C. § 1983 against defendant Corporal Pedigo. (Compl. Style; ¶ IV(B).) Malone alleges that while incarcerated in the Tarrant County jail, his Social Security check was opened by "money room supervisor" Corporal Pedigo, and that check was cashed by Tarrant County. (Compl. § V.) He seeks monetary damages for "suffering they put me threw [sic] and for violating my rights for opening my mail without me there." (Compl. ¶ VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Malone's complaint, the Court finds that his claims for relief under 42 U.S.C. § 1983 must be dismissed under the authority of these provisions.

In order to assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or

---

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.⁶ Plaintiff's allegations as to the deprivation of property fail to satisfy the first element.  Plaintiff Malone has not recited the constitutional basis for his claim, but it appears that he is complaining of a loss of property without due process of law.⁷ The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."⁸  Under the *Parrat/Hudson* doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy.⁹  Thus, in challenging a random intentional property

---

⁶*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5ᵗʰ Cir. 1993).

⁷To the extent that Malone claims the loss of his property was only the result of negligence, such allegation also does not state a cause of action under § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347 (1986). Where negligence is involved in causing a deprivation of property, no procedure for compensation is constitutionally required. *Davidson,* 474 U.S. at 347.

⁸U.S. CONST.  amend.  XIV § 1.

⁹*See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5ᵗʰ Cir. 1996)(discussing the Supreme Court's decisions in *Parratt v. Taylor,* 451 U.S. 527 (1981) and *Hudson v. Palmer,* 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and explaining "the doctrine protects the state from liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.")

deprivation, the claimant must either take advantage of the available remedies or prove that the available remedies are inadequate.[10] Texas law allows recovery of monetary damages for loss of use of property during its period of detention.[11] Because Texas provides an adequate post-deprivation remedy, Malone's claim concerning the taking of the social security check does not rise to a violation of the Due Process Clause.[12] Thus, Malone's allegation concerning the loss of his personal property does not amount to a violation of a constitutional right, and such claim should be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §§ 1915(e)(2)(B)(i) and(ii).[13]

Malone also complains of the opening of the mailing containing the Social Security check outside of his presence, and although he has not asserted a constitutional violation, the Court has construed

---

[10]*Hudson,* 468 U.S. at 534-35; *Myers,* 97 F.3d at 94.

[11]*See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994)(In Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss,* 568 S.W.2d 413, 420-21 (Tex.Civ.App.–San Antonio 1978, no writ)(conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).

[12]*See Hudson,* 468 U.S. at 536 (noting that even where a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment since the Commonwealth of Virginia provided the prisoner with an adequate post-deprivation remedy.)

[13]Such dismissal is, of course, without prejudice to Malone's right to assert any state law tort claims arising out of the same facts in state court.

the claim as a violation of his First Amendment right to free speech.[14] But the "Supreme Court has never held that reading inmate mail violates the First Amendment."[15] The test for analyzing a prisoner's First Amendment challenge is set forth in *Turner v. Safley,* 482 U.S. 78 (1987):

> "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Under this standard, four factors are relevant. First and foremost, "there must be a 'valid rational connection' between the prison regulation and the legitimate [and neutral] governmental interest put forward to justify it." If the connection between the regulation and the asserted goal is "arbitrary or irrational," then the regulation fails, irrespective of whether the other factors tilt in its favor. In addition, courts should consider three other factors: the existence of "alternative means of exercising the right" available to inmates; "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally;" and "the absence of ready alternatives" available to the prison for achieving the governmental objectives.[16]

Malone alleges that defendant Pedigo told him he did not have to open the check in front of him. (Compl. § IV.) The response to Malone's grievance submitted to jail officials over this issue, supplied by Malone with his complaint, provides that the social

---

[14] *See generally Busby v. Dretke,* 359 F.3d 708, 721 (5th Cir. 2004) *cert. den'd,* 541 U.S. 1087 (2004)(noting that whatever "the precise manner of phrasing the claim [of jail officials reading of prisoner mail] its necessary predicate is that the jailers' action somehow violated the First Amendment.")

[15] *Id* at 722.

[16] *Shaw v. Murphy,* 532 U.S. 223, 229-30 (U.S. 2001)(internal citations to *Turner* omitted).

5

security checks are not considered "legal mail," and "inmates SSI checks are returned because they are considered housing subsidy and inmates are housed and provided meals." (Compl. "February 8, 2007, Tarrant County Jail Inmate Grievance Form" attached thereto.) Thus, defendant Pedigo's actions were taken consistent with jail policy, and Malone has stated no facts to question the validity of that policy. Because Malone has not alleged facts to show that Pedigo's actions were not reasonably related to a legitimate penological interest, he has not stated a violation of his First Amendment rights. Malone's claim arising from the opening of the social security check mailing must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

Therefore, all Frederick Dewayne Malone's claims for relief under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

SIGNED September 25, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE